UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| WORLD KITCHEN, LLC, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | |
| THE AMERICAN CERAMIC SOCIETY, | ) | Case No. 12-cv-8626 |
| RICHARD C. BRADT, | ) | |
| RICHARD L. MARTENS, and | ) | Judge John W. Darrah |
| PETER WRAY, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff World Kitchen, LLC has moved, pursuant to Federal Rule of Civil Procedure 12(f), to strike the affirmative defenses raised in the Answer filed by Defendants, The American Ceramic Society ("ACS"), Richard C. Bradt, Richard L. Martens, and Peter Wray. For the reasons discussed below, World Kitchen's Motion [93] is granted in part and denied in part.

## BACKGROUND

In October 2012, World Kitchen, a manufacturer and distributor of kitchenware products, filed a Complaint asserting two causes of action: (1) violations of the Illinois Uniform Deceptive Trade Practices Act (UDTPA) and (2) common law trade disparagement, seeking to enjoin Defendants' publications from allegedly falsely maligning the thermal stress resistance of World Kitchen's Pyrex cookware. In January 2013, Defendants moved to dismiss World Kitchen's Complaint for failure to state a claim under 12(b)(6) and under the Illinois Citizens Participation Act ("ICPA"). On September 19, 2013, the Court denied Defendants' Motion,

ruling that the Complaint sufficiently alleged that Defendants made misleading and false statements of fact, not just opinion, about World Kitchen's Pyrex cookware.

In November 2014, World Kitchen, with leave of Court, filed its First Amended Complaint, dismissing the common law claim and proceeding under one cause of action under the UDTPA for injunctive relief. On January 13, 2015, the Court granted World Kitchen's Motion to Strike Defendants' Affirmative Defenses and Portions of Amended Answer, without prejudice for Defendants to file an amended answer. On February 11, 2015, Defendants filed their Amended Answer and Affirmative Defenses. On March 2, 2015, World Kitchen moved again to strike Defendants' First, Second, Third, Fourth, Fifth, Sixth and Seventh Affirmative Defenses.

## LEGAL STANDARD

Under Federal Rule 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored because of their potential to cause delay; however, they will be granted where they serve to remove affirmative defenses that only add "unnecessary clutter" to a case. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). A district court has "considerable discretion" whether to strike defenses under Rule 12(f). *Delta Consulting Grp. Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009).

Courts in this district have applied a three-part test in examining the sufficiency of affirmative defenses under Rule 12(f): "(1) whether the matter is properly pled as an affirmative defense; (2) whether the affirmative defense complies with Federal Rules of Civil Procedure 8 and 9; and (3) whether the affirmative defense can withstand a Rule 12(b)(6) challenge." *Renalds v. S.R.G. Rest. Grp.*, 119 F. Supp. 2d 800, 802 (N.D. Ill. 2000) (citing *Heller Fin., Inc.*,

883 F.2d at 1294); *see also Cassetica Software, Inc. v. Computer Sciences Corp.*, No. 11 C 2187, 2011 WL 4431031, at *5 (N.D. Ill. Sept. 22, 2011) (discussing three-part test but noting "it is often true that affirmative defenses, even if technically inappropriate, cause no real prejudice, and striking them is not worth the time and expense it takes for the parties and the Court to brief and rule on such a motion"). Although the Seventh Circuit has not directly addressed the issue, many lower courts have applied the heightened *Twombly-Iqbal* standard to affirmative defenses. *See, e.g., ADT Sec. Servs., Inc. v. Lisle-Woodridge Fire Prot. Dist.*, 973 F. Supp. 2d 842, 848 (N.D. Ill. 2014) (striking affirmative defense for failing to meet "'plausibility' demanded by the *Twombly-Iqbal* duo" to put plaintiff on notice of its claim); *Sarkis' Cafe, Inc. v. Sarks in the Park, LLC*, No. 12 C 9686, 2014 WL 3018002, at *4 (N.D. Ill. July 3, 2014); *Perez v. Mueller*, No. 13-C-1302, 2014 WL 5305897, at *1 (E.D. Wis. Oct. 15, 2014).

## ANALYSIS

*First Affirmative Defense*

As their First Affirmative Defense, Defendants allege that "paragraphs 1-38 of the Complaint are based on the publication of non-commercial speech" and that "[T]he First Amendment to the Constitution of the United States bars application of the [UDTPA] to non-commercial speech." (Am. Ans. ¶¶ 39-40.) World Kitchen contends that this defense should be stricken on the basis that the Court has previously ruled that World Kitchen has stated a UDTPA claim and that the UDTPA prohibits only false and misleading speech, which is not protected by the First Amendment. Defendants respond that they have properly asserted a First Amendment defense of noncommercial speech and that World Kitchen is treating the Court's previous ruling, which was made under a Rule 12(b)(6) standard, as a ruling on the merits. Defendants further argue that even commercial speech receives First Amendment protection.

3

Defendants have properly asserted the First Amendment as an affirmative defense to World Kitchen's claims. As Defendants correctly note, World Kitchen's argument for striking this affirmative defense treats the Court's previous ruling as a ruling on the merits. Although World Kitchen has stated a claim under the UDTPA, World Kitchen must also prove that the alleged speech at issue, Defendants' published article, was commercial and not protected by the First Amendment. *See, e.g., People ex. rel. Hartigan v. Maclean Hunter Publ'g Corp.*, 457 N.E.2d 480, 488 (Ill. 1983) (UDTPA prohibits false, misleading or deceptive commercial speech). Furthermore, World Kitchen has not shown that it will be prejudiced by Defendants' defense on this basis. World Kitchen's Motion is denied with respect to the First Affirmative Defense.

*Second Affirmative Defense*

In their Second Affirmative Defense, Defendants allege that "Plaintiff's allegations in paragraphs 1-38 of the Complaint are based on expressions of scientific opinion on matters of legitimate public concern" and that "[s]uch expressions of opinion are not actionable under the First Amendment or state law." (Am. Ans. ¶¶ 42-44.) For the same reasons discussed above, Defendants have properly asserted a First Amendment defense to World Kitchen's allegations. World Kitchen's Motion is denied with respect to the Second Affirmative Defense.

*Third Affirmative Defense*

Defendants' Third Affirmative Defense alleges that "Plaintiff's allegations in paragraphs 1-38 of the Complaint are based on statements that are . . . substantially true" and therefore, that "the First Amendment bars Plaintiff's claims for violation of the UDTPA for such statements." (Am. Ans. ¶¶ 45, 47.) World Kitchen argues that this defense should be stricken on the basis that the truth or falsity of Defendants' statements has already been placed at issue through

4

Defendants' denial of the First Amended Complaint's allegations, as found in Defendants' Amended Answer.

"[A]n affirmative defense cannot merely repeat a defendant's denial of allegations contained in the complaint." *Sarkis' Café*, 2014 WL 3018002, at *4. If the defendant has already placed the matters at issue by denying allegations in its answer, the defendant "cannot raise these matters again via an affirmative defense." *Renalds*, 119 F. Supp. 2d at 804 (citing *Menchaca v. Am. Med. Response of Illinois, Inc.*, 6 F.Supp.2d 971, 973 (N.D. Ill. 1998) and *Winding v. Pier Management Service,* No. 96 C 7461, 1997 WL 51475, at *2 (N.D. Ill. Feb.4, 1997) (internal parentheticals omitted)).

In their Amended Answer, Defendants have denied that they made misrepresentations about World Kitchen's cookware and, therefore, have placed the veracity of those statements at issue. Furthermore, as discussed above, Defendants have asserted the First Amendment claim as an affirmative defense, and their Third Affirmative Defense adds "unnecessary clutter" to the case. The Court, in its discretion, thus strikes this affirmative defense and grants World Kitchen's Motion as to the Third Affirmative Defense.

*Fourth, Fifth and Sixth Affirmative Defenses*

World Kitchen next argues that Defendants' Fourth, Fifth and Sixth Affirmative Defenses should be struck because they are defamation defenses that have no applicability to World Kitchen's UDTPA claim. Defendants' Fourth Affirmative Defense alleges that "the First Amendment requires Plaintiff to plead special damages directly resulting from Defendants' alleged conduct" and that "Plaintiff has not pled any incremental harm to its reputation as a result of Defendants' publication." (Am. Ans. ¶¶ 48-51.) World Kitchen notes, and Defendants do not dispute, that under the UDTPA, "proof of monetary damages, loss of profits or intent to deceive

5

is not required." 810 Ill. Comp. Stat. § 510/3. Because World Kitchen is not required to establish proof of damages to prevail on a claim under the UDTPA, this affirmative defense is legally unnecessary and therefore, stricken. World Kitchen's Motion is granted as to the Fourth Affirmative Defense.

Defendants' Fifth Affirmative Defense alleges that they "were privileged to make the statements upon which Plaintiff's claims are based because they were reporting in good faith on a matter of substantial interest and concern." (Am. Ans. ¶ 52.) World Kitchen argues that while "good faith" is a defense to a defamation action, it is not a defense to a claim under the UDTPA. Defendants do not dispute that good faith is not a defense to the UDTPA and instead, argues simply that it "properly raises questions beyond denying the allegations." This defense is legally insufficient and stricken. World Kitchen's Motion is granted as to the Fifth Affirmative Defense.

Defendants' Sixth Affirmative Defense alleges that "Plaintiff has not alleged actual malice as required under the First Amendment." (Am. Ans. ¶ 54.) World Kitchen argues that actual malice, which is required for some defamation actions, is not required for the UDTPA. Rather, the UDTPA expressly provides that "[p]roof of . . . intent is not required." 815 Ill. Comp. Stat. § 510/3. This affirmative defense is also legally insufficient and therefore stricken. World Kitchen's Motion is granted as to the Sixth Affirmative Defense.

*Seventh Affirmative Defense*

Finally, Defendants' Seventh Affirmative Defense alleges that World Kitchen's lawsuit is "prohibited by the Illinois Citizen Participation Act, 735 ILCS 11/5 ("ICPA"), which "immunizes Defendants' constitutionally protected activity" from "Plaintiff's improper, overreaching, and harassing conduct." (Am. Ans. ¶ 56.) World Kitchen argues that this defense should be stricken because the UDTPA applies only to speech that is not protected by the First

6

Amendment. World Kitchen further argues that the ICPA does not apply to non-Illinois residents whose speech did not originate in Illinois and cites *Doctor's Data, Inc. v. Barrett*, No. 10 C 03795, 2011 WL 5903508, at *4 (N.D. Ill. Nov. 22, 2011). Defendants counter that the ICPA protects Defendants' speech under the First Amendment but do not specifically respond to World Kitchen's argument that the ICPA does not apply to them.

The ICPA, known as Illinois's Anti-SLAPP statute, permits a defendant to move to "dispose" of a lawsuit on the basis that the lawsuit "relates to, or is in response to any act or acts of the moving party in furtherance of the moving party's rights of petition, speech, association, or to otherwise participate in government." 735 Ill. Comp. Stat. § 110/15; *see also Sandholm v. Kuecker*, 962 N.E.2d 418, 429 (Ill. 2012). In *Doctor's Data, Inc.*, 2011 WL 5903508, at *4, the district court held that the ICPA was not available as a defense where the defendant was a North Carolina resident and the speech originated outside of Illinois. The district court, applying a choice-of-law analysis, reasoned that Illinois does not have an interest in having its law applied to non-Illinois speakers. *Id.*

Similarly, in *Chi v. Loyola Univ. Med. Ctr.*, 787 F. Supp. 2d 797, 803 (N.D. Ill. 2011), the district court stated that "[a] state has a strong interest in having its own anti-SLAPP law applied to the speech of its own citizens, at least when, as in this case, the speech initiated within the state's borders." In that case, the court held that the ICPA applied because the defendants were citizens of Illinois and their allegedly defamatory speech originated in Illinois, noting that "Illinois thus has a strong interest in having its own anti-SLAPP statute applied to the issue of whether defendants are immune from liability for defamation." *Id.*; *see also Duffy v. Godfread*, No. 13-CV-1569, 2013 WL 4401390, at *4 (N.D. Ill. Aug. 14, 2013) (applying the Minnesota Anti-SLAPP statute to Defendants' defense).

Here, Defendants are not Illinois citizens, and the speech at issue did not originate within Illinois. Consequently, the ICPA does not apply as a defense to Defendants. Indeed, Defendants have not responded to World Kitchen's argument on this point and have therefore waived it. This affirmative defense is legally insufficient and therefore stricken. World Kitchen's Motion is granted as to Seventh Affirmative Defense.

## CONCLUSION

For the foregoing reasons, World Kitchen's Motion to Strike [93] is granted as to Defendants' Third, Fourth, Fifth, Sixth and Seventh Affirmative Defenses. World Kitchen's Motion is denied as to the remaining Affirmative Defenses.

Date:  May 27,  2015

JOHN W. DARRAH
United States District Court Judge