UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WORLD KITCHEN, LLC, | ) |
| | ) |
| Plaintiff, | ) Case No. 12-cv-8626 |
| v. | ) |
| | ) Judge John W. Darrah |
| THE AMERICAN CERAMIC SOCIETY, | ) |
| RICHARD C. BRADT, RICHARD L. MARTENS, | ) |
| and PETER WRAY, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff World Kitchen, LLC filed a complaint alleging violations of the Illinois Uniform Deceptive Trade Practices Act ("DTPA") and common law trade disparagement against Defendants, The American Ceramic Society ("ACS"), Richard C. Bradt, Richard L. Martens, and Peter Wray. In January 2013, Defendants moved to dismiss Plaintiff's Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and the Illinois Citizens Participation Act ("ICPA"). On September 19, 2013, Defendants' Motion was denied. Plaintiff then filed its First Amended Complaint, dismissing the common law claim and proceeding under one cause of action under the DTPA for injunctive relief. On January 13, 2014, the Court granted Plaintiff's Motion to Strike Defendants' Affirmative Defenses and Portions of Amended Answer and allowed Defendants to file their Amended Answer and Affirmative Defenses. Plaintiff moved again to strike Defendants' affirmative defenses. The Motion was granted in part and denied in part. Defendants now move for summary judgment against Plaintiff pursuant to Federal Rule of Civil Procedure 56. For the reasons set forth below, the Motion is denied.

**LOCAL RULE 56.1**

Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts as to which the party contends there is no genuine issue for trial." *Ammons v. Aramark Uniform Servs.*, 368 F.3d 809, 817 (7th Cir. 2004). Local Rule 56.1(b)(3) requires the nonmoving party to admit or deny every factual statement proffered by the moving party and to concisely designate any material facts that establish a genuine dispute for trial. *See Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005). Pursuant to Local Rule 56.1(b)(3)(C), the nonmovant may submit additional statements of material facts that "require the denial of summary judgment." Local Rule 56.1(b)(3)(C) further permits the nonmovant to submit a statement "of any additional facts that require the denial of summary judgment. . . ." To the extent that a response to a statement of material fact provides only extraneous or argumentative information, this response will not constitute a proper denial of the fact, and the fact is admitted. *See Graziano v. Vill. of Oak Park*, 401 F.Supp.2d 918, 936 (N.D. Ill. 2005). Similarly, to the extent that a statement of fact contains a legal conclusion or otherwise unsupported statement, including a fact that relies upon inadmissible hearsay, such a fact is disregarded. *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997).

**BACKGROUND**

The following facts are taken from the parties' statements of undisputed material facts submitted in accordance with Local Rule 56.1.

Plaintiff World Kitchen, LLC is a limited-liability company with its principal place of business in the state of Illinois. It is one of the leading manufacturers and distributors of glassware, dinnerware and other kitchen products, including the Pyrex line of glassware. ACS is

a not-for-profit organization in Westerville, Ohio. ACS publishes the *American Ceramic Society Bulletin* ("*Bulletin*") and maintains a blog, *Ceramic Tech Today*. ACS maintains that both the publication and the blog cover new developments and research in the ceramics and glass industries. In the September 2012 issue of the *Bulletin*, ACS published "Shattering Glass Cookware" by Defendants Richard C. Bradt and Richard L Martens. ACS also published an entry on its Ceramic Tech Today blog, called "Hell's kitchen: Thermal stress and glass cookware that shatters" and issued a news release titled "New paper addresses cause of shattering glass cookware." The article, blog post, and news release were written about soda lime glass cookware, such as Plaintiff's American-made Pyrex glass cookware, and its thermal stress resistance.

Plaintiff asserts that the September 2012 *Bulletin* story, the related blog post, and promotional news release made alleged false and misleading representations deceiving readers, ACS members, consumers, and the media to believe that American-made heat-strengthened soda lime glass cookware has a lower thermal stress resistance value. This stress resistance quantifies the glass cookware product's ability to resist breakage due to abrupt temperature change and the quality of that product. Plaintiff argues that these representations violate the DTPA. Defendants argue that the article, blog post, and news release sought to provide a scientific explanation for the possible cause of explosions of soda lime glass cookware and educate ACS readers about the properties of such cookware and how it reacts under various conditions. Defendants further contend that these statements were scientific conclusions and not commercial speech, thus the DTPA does not apply. For the reasons set forth below, Defendants' Motion is denied.

## LEGAL STANDARD

Summary judgment should be granted where the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issues as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party is responsible for informing the Court of what in the record or affidavits demonstrates the absence of a triable issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

If the moving party meets its burden, the nonmoving party must go beyond the face of the pleadings, affidavits, depositions, answers to interrogatories, and admissions on file to demonstrate, through specific evidence, that there is still a genuine issue of material fact. *Celotex*, 477 U.S. at 322-27; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254-56 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find" for the nonmovant. *Anderson*, 477 U.S. at 252.

Disputed facts are material when they might affect the outcome of the suit. *First Ind. Bank v. Baker*, 957 F.2d 506, 507-08 (7th Cir. 1992). When reviewing a motion for summary judgment, a court must view all inferences to be drawn from the facts in the light most favorable to the nonmoving party. *Anderson*, 411 U.S. at 247-48; *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999). However, a metaphysical doubt will not suffice. *Matsushita*, 475 U.S. at 586. If the evidence is merely colorable or is not significantly probative or is no more than a scintilla, summary judgment may be granted. *Anderson*, 411 U.S. at 249–250.

## ANALYSIS

*Relevant Law*

Plaintiff alleges violations of subsections 510/2(a)(7), (8) and (12) of the DTPA, which state in pertinent part:

> A person engages in a deceptive trade practice when, in the course of his or her business, vocation, or occupation, the person: . . . (7) represents that goods or services are of a particular standard, quality, or grade or that goods are a particular style or model, if they are of another; (8) disparages the goods, services, or business of another by false or misleading representation of fact; . . . [or] (12) engages in any other conduct which similarly creates a likelihood of confusion or misunderstanding.

815 ILCS § 510/2(a)(7), (8), (12). Illinois state courts have held that, in effect, the DTPA codified the common law tort of commercial disparagement. *See Conditioned Ocular Enhancement, Inc. v. Bonaventura*, 458 F. Supp. 2d 704, 710 (N.D. Ill. 2006) (citing *Crinkley v. Dow Jones & Co.,* 385 N.E.2d 714, 719 (1978)). To state a claim under the DTPA alleging commercial disparagement, Plaintiff must show that Defendants' statements "disparage[d] ... the quality of [his] goods or services." *Conditioned Ocular*, 458 F. Supp. 2d at 710.

*Plaintiff's DTPA Claim*

Defendants argue that the DTPA only regulates false, misleading commercial speech and that the speech at issue is noncommercial. Plaintiff argues that the commercial speech doctrine does not apply to DTPA claims between private parties, and that to prevail on its claim, it need not prove whether the alleged false and misleading representations are commercial or noncommercial. Plaintiff cites to no authority supporting its argument that the statements in question do not have to be commercial speech to be in violation of the DTPA, nor does it provide an alternative definition of commercial speech to contradict Defendants' assertions. Plaintiff

5

provides no support for its argument against the application of the definition of commercial speech offered by Defendants.

Other courts in the Northern District of Illinois have found that the DTPA is a constitutionally permissible "regulation prohibiting false, misleading or deceptive commercial speech." *Flentye v. Kathrein*, 485 F. Supp. 2d 903, 919 (N.D. Ill. 2007) (quoting *People ex. rel. Hartigan v. Maclean Hunter Publ'g Corp.*, 457 N.E.2d 480, 488 (1983)). This is echoed by the Seventh Circuit's statement that "the DTPA is a statute generally thought indistinguishable from the Lanham Act except of course in its geographical scope." Additionally, the Lanham Act is "limited to misrepresentations in commercial advertising or promotion." *Neuros Co. v. KTurbo, Inc.*, 698 F.3d 514, 521-23 (7th Cir. 2012). Due to the similarities between the DTPA and the Lanham Act, courts have held that the legal inquiry under the Lanham Act is the same as the legal inquiry under the DTPA. *MJ & Partners Rest. Ltd. P'ship v. Zadikoff*, 10 F. Supp. 2d 922, 929 (N.D. Ill. 1998). While it is true that Plaintiff does not bring this claim under the Lanham Act in addition to the DTPA, the concept remains the same: the DTPA, like the Lanham Act, regulates false and misleading commercial speech.

Defendants cite to the definition of commercial speech established by the Supreme Court and applied by the Seventh Circuit, citing to *Bolger v. Youngs Drug Products Corp.*, 463 U.S. 60, 65 (1983), for the proposition that commercial speech is that which "does no more than propose a commercial transaction." However, the Seventh Circuit has held that "other communications also may constitute commercial speech notwithstanding the fact that they contain discussions of important public issues." *Jordan v. Jewel Food Stores, Inc.*, 743 F.3d 509,

516 (7th Cir. 2014); see also *Conn. Bar Ass'n v. United States*, 620 F.3d 81, 93–94 (2d Cir. 2010) (explaining that the commercial-speech doctrine encompasses more than the core notion of "speech which does 'no more than propose a commercial transaction' ") (quoting *Bolger*, 463 U.S. at 66); *Semco, Inc. v. Amcast, Inc.*, 52 F.3d 108, 112 (6th Cir. 1995) (noting the "core" definition of commercial speech but also observing that the commercial-speech category is not limited to speech that does no more than propose a commercial transaction). Relevant considerations include "whether: (1) the speech is an advertisement; (2) the speech refers to a specific product; and (3) the speaker has an economic motivation for the speech." *See United States v. Benson*, 561 F.3d 718, 725 (7th Cir.2009) (citing *Bolger*, 463 U.S. at 66-67). No one factor is sufficient, and not all are necessary. *Jordan v. Jewel Food Stores, Inc.*, 743 F.3d 509, 517 (7th Cir. 2014).

It is clear that the speech at issue is not an advertisement, and while the *Bulletin* article referred to American-made, heat-strengthened soda lime glass cookware, it did not refer to a specific product, or a specific producer's product. Plaintiff also argues that Defendants' claim, that no one associated with the article had a professional or economic interest in disparaging World Kitchen's American-made glass cookware, is unsupported by statements of fact and disputes any statements made by Defendants that could support that claim[1]. While not all three *Bolger* factors are necessary to establish that Defendants' article is commercial speech, when construing all facts and drawing all reasonable inferences from those facts in favor of the

---

[1] Defendants submitted a Declaration of David S. Korzenik and exhibits in support of their reply. This declaration was not submitted with Defendants' Rule 56.1 statement of facts and was not submitted as a reply to additional facts submitted by the nonmoving party.

7

non-moving party, there is an issue of material fact as to whether Defendants had an economic motivation for the speech at issue. Therefore, Defendants' Motion for Summary Judgment is denied.

## CONCLUSION

For the reasons discussed above, Defendants' Motion for Summary Judgment [96] is denied.

Date:  September 15, 2015             _____
                               JOHN W. DARRAH
                               United States District Court Judge