UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WORLD KITCHEN, LLC, | ) |
| Plaintiff, | ) Case No. 12-cv-8626 |
| v. | ) |
| | ) Judge John W. Darrah |
| THE AMERICAN CERAMIC SOCIETY, | ) |
| RICHARD C. BRADT, RICHARD L. MARTENS, | ) |
| and PETER WRAY, | ) |
| Defendants. | ) |

# MEMORANDUM OPINION AND ORDER

Plaintiff, World Kitchen, LLC, filed a complaint alleging violations of the Illinois Uniform Deceptive Trade Practices Act ("DTPA") and common law trade disparagement against Defendants, The American Ceramic Society ("ACS"), Richard C. Bradt, Richard L. Martens, and Peter Wray. On March 23, 2015, Defendants moved for summary judgment. The Motion was denied. Plaintiff now moves for summary judgment of its DTPA claim for injunctive relief. For the reasons set forth below, the Motion is denied.

## BACKGROUND

The following facts are taken from the parties' statements of undisputed material facts submitted in accordance with Local Rule 56.1.

World Kitchen, LLC is a limited liability company with its principle place of business in the state of Illinois. It is one of the leading manufacturers and distributors of glassware, dinnerware and other kitchen products, including the Pyrex line of glassware. Defendant American Ceramic Society ("ACS") is a not-for-profit organization in Westerville, Ohio. ACS publishes the *American Ceramic Society Bulletin* ("*Bulletin*") and maintains a blog,

*Ceramic Tech Today*. In the September 2012 issue of the *Bulletin*, ACS published "Shattering Glass Cookware" by Defendants Richard C. Bradt and Richard L Martens. ACS also published an entry on its Ceramic Tech Today blog, called "Hell's kitchen: Thermal stress and glass cookware that shatters" and issued a news release titled "New paper addresses cause of shattering glass cookware." The article, blog post, and news release were written about soda lime glass cookware, such as Plaintiff's American-made Pyrex glass cookware, and its thermal stress resistance. The *Bulletin* article relies on, and refers to, thermal shock testing conducted by Consumers Union and discussed in a January 2011 Consumer Reports article titled, "Glass Bakeware That Shatters." (SOF 14.)

Plaintiff asserts that the September 2012 *Bulletin* story, the related blog post, and promotional news release made alleged false and misleading representations deceiving readers, ACS members, consumers, and the media to believe that American-made heat-strengthened soda lime glass cookware has a lower thermal stress resistance value. This stress resistance quantifies the glass cookware product's ability to resist breakage due to abrupt temperature change and the quality of that product. Plaintiff argues that these representations violate the DTPA. Defendants argue that the truth or falsity of the publications is an issue of material fact, such that summary judgment would be inappropriate[1]. For the reasons set forth below, Plaintiff's Motion is denied.

## LEGAL STANDARD

Summary judgment should be granted where the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issues as to any material fact

---

[1] Defendants reiterate their argument that these statements at issue were scientific conclusions and not commercial speech, thus the DTPA does not apply. This argument was considered in a previous order in this case and will not be addressed here. (Dkt. 161.)

and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party is responsible for informing the court of what in the record or affidavits demonstrates the absence of a triable issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When reviewing a motion for summary judgment, a court must view all inferences to be drawn from the facts in the light most favorable to the nonmoving party. *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999).

## ANALYSIS

*Relevant Law*

Plaintiff alleges violations of subsections 510/2(a)(7), (8) and (12) of the DTPA, which state in pertinent part:

> A person engages in a deceptive trade practice when, in the course of his or her business, vocation, or occupation, the person: . . . (7) represents that goods or services are of a particular standard, quality, or grade or that goods are a particular style or model, if they are of another; (8) disparages the goods, services, or business of another by false or misleading representation of fact; . . . [or] (12) engages in any other conduct which similarly creates a likelihood of confusion or misunderstanding.

815 ILCS § 510/2(a)(7), (8), (12). Illinois state courts have held that, in effect, the DTPA codified the common law tort of commercial disparagement. *See Conditioned Ocular Enhancement, Inc. v. Bonaventura*, 458 F. Supp. 2d 704, 710 (N.D. Ill. 2006) (citing *Crinkley v. Dow Jones & Co.,* 385 N.E.2d 714, 719 (1978)). The DTPA is constitutionally permissible "regulation prohibiting false, misleading or deceptive commercial speech." *Flentye v. Kathrein*, 485 F. Supp. 2d 903, 919 (N.D. Ill. 2007) (quoting *People ex. rel. Hartigan v. Maclean Hunter Publ'g Corp.*, 457 N.E.2d 480, 488 (1983)). To state a claim under the DTPA alleging commercial disparagement, Plaintiff must show that Defendants' statements "disparage[d] . . . the quality of [his] goods or services." *Conditioned Ocular*, 458 F. Supp. 2d at 710.

*DTPA Claim*

Plaintiff alleges that Defendants' article, related blog post, and news release made statements about Plaintiff's Pyrex glass cookware that are false and misleading and that those statements violate the DTPA. Specifically, Plaintiff's claim that Defendants falsely state that the thermal stress resistance of World Kitchen's Pyrex glass cookware is 99° F and that the speech at issue misrepresents the thermal shock testing conducted by Consumer Reports. It is undisputed that the *Bulletin* article, blog post, and new release were made in the course of Defendants' "business, vocation or occupation." However, Defendants dispute the falsity of the statements referred to by Plaintiff[2].

Plaintiff's argument is based on the following representations in the *Bulletin* article: 1) multiple identifications of World Kitchen and Pyrex brand cookware in relation to shattering glass cookware; 2) a picture of a 9 x 13 Pyrex glass cookware pan broken into pieces with the caption, "Remnants of a soda lime silicate glass cookware failure, from *Consumer Reports* testing"; 3) statements about the Consumer Reports thermal stress testing; and 4) representations that World Kitchen's Pyrex glass cookware has a thermal stress resistance of 99° F. The falsity of all of these representations is disputed by Defendants, including the number of times Plaintiff claims that Pyrex-brand cookware is mentioned in the article[3].

---

[2] Plaintiff argues that Defendants do not assert that their representations in the speech at issue are true and non-misleading. Defendants have repeatedly and consistently denied that their article is false and misleading. (e.g. Def. Resp. ¶ 30.)

[3] Defendants state, in their response to Plaintiff's Statement of Facts, that many of the article's references to Pyrex are to laboratory glass, or to borosilicate glass, and not to World Kitchen's Pyrex soda lime glass cookware. (Def. Resp. ¶ 15.)

Plaintiff's claim that the photograph in the *Bulletin* article depicts shattered pieces of Pyrex cookware is disputed both by Defendants' response to Plaintiff's statement of facts and Defendants' reference to the article itself. Defendants agree that the photograph and label accurately identify a shattered soda lime glass cookware pan, but correctly note that the image is not identified as Pyrex cookware. Defendants also dispute Plaintiff's contention that the article, blog post, and news release represent that World Kitchen's Pyrex glass cookware has a thermal stress resistance of 99° F. The article states that thermal stress resistance of a particular piece of glass depends on a number of factors, and that thermal stress resistance and heat strengthening is not consistent for all soda lime cookware. It also states that the thermal stress resistance of pure soda lime glass is 99° F; however, its assessment of heat-strengthened soda lime glass cookware (like Pyrex) was that the heat strengthening was not sufficient to significantly increase the thermal stress resistance.

Defendants also contend that Plaintiff's characterization of the Consumer Reports testing and Plaintiff's calculation of the thermal stress resistance of heat-strengthened soda lime glassware are incorrect. The Consumer Reports testing subjected heat-strengthened soda lime glass cookware to "extreme" conditions intended to induce thermal breakage. (SOF ¶ 15.) The cookware was filled with sand, heated inside 400° F or 450° F ovens for 80 minutes, and then placed directly on a dry or wet surface. (SOF ¶¶ 15, 16.) Plaintiff argues that, assuming that the granite was an ambient 68° F, this testing indicated that the thermal stress resistance of the cookware was no less than 382° F on a dry surface and 332° F on a wet surface. In response, Defendants allege that all of the samples of World Kitchen's Pyrex cookware used in the Consumer Reports testing shattered when placed on wet granite, and that some samples of

5

World Kitchen's Pyrex cookware shattered when placed on a dry surface. Even using Plaintiff's assumption that the temperature of the granite was an ambient 68° F, Defendants argue that the results of the testing indicate that the thermal stress resistance of the heat-strengthened soda glass cookware was far less than 382° F or 332° F.

It is clear that the falsity of Defendants' speech is a disputed issue of material fact and that summary judgment of Plaintiff's DTPA is not appropriate. Further, as decided in the previous order in this case, there is an issue of material fact as to whether the speech at issue is commercial speech, such that the DTPA would apply.

## CONCLUSION

For the reasons discussed above, Plaintiff's Motion for Summary Judgment [118] is denied.

Date: September 24, 2015

JOHN W. DARRAH
United States District Court Judge