UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WORLD KITCHEN, LLC, | ) |
| | ) |
| Plaintiff, | ) Case No. 12-cv-8626 |
| v. | ) |
| | ) Judge John W. Darrah |
| THE AMERICAN CERAMIC SOCIETY, | ) |
| RICHARD C. BRADT, RICHARD L. MARTENS, | ) |
| and PETER WRAY, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff World Kitchen, LLC ("World Kitchen" or "Plaintiff") filed a complaint alleging violations of the Illinois Uniform Deceptive Trade Practices Act ("DTPA") and common law trade disparagement against Defendants, The American Ceramic Society ("ACS"), Richard C. Bradt, Richard L. Martens, and Peter Wray. Defendants filed a Motion *In Limine* to bar the testimony of Plaintiff's witnesses, Dr. Marcus Zupan, Catherine Robinson, Grant Deady, Lee Muir, and Matt Kosko. For the reasons set forth below, the Motion is denied.

## BACKGROUND

Plaintiff filed the present action against Defendants on October 29, 2012. Plaintiff served initial disclosures pursuant to Federal Rule of Civil Procedure 26 on October 13, 2013. These disclosures listed five witnesses, one of whom is the subject of this Motion. Plaintiff then filed a First Amended Complaint. On February 18, 2015, Plaintiff served amended Rule 26 disclosures, removing all but one of the witnesses from its witness list. On September 12, 2014, the parties filed an Agreed Motion to Extend Discovery Deadline. The Agreed Motion was granted, and per that Order, all fact discovery closed on March 25, 2015, and all expert discovery closed on

June 5, 2015. On June 9, 2015, Plaintiff filed a Motion for Summary Judgment with test reports from Dr. Zupan attached as exhibits. Defendants then filed a Motion to Stay Briefing of Plaintiff's Motion for Summary Judgment pending resolution of their own Motion for Summary Judgment. Defendants' Motion to Stay was denied and on September 10, 2015, Plaintiff filed a Reply in support of its Motion for Summary Judgment, attaching a lab report from Glass Technology Services, Ltd ("GTS"), the lab where Robinson works. On October 2, 2015, Plaintiff sent Defendants Dr. Zupan's CV, fee schedule, and trial and deposition history. On October 14, 2015, Plaintiff served supplemental Rule 26 disclosures, listing five witnesses, including Dr. Zupan and Ms. Robinson. On November 3, 2014, Defendants filed this Motion *In Limine.* On November 6, 2015, Plaintiff filed Rule 26(A)(3) trial disclosures, listing Dr. Zupan, Robinson, Deady, Muir, and Kosko as their witnesses. Defendants filed a Supplemental Motion *In Limine* seeking to bar those five witnesses from testifying at trial. For the reasons set forth below, Defendants' Motion is denied.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 26(a) requires parties to provide other parties with "the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses". Fed. R. Civ. P. 26(a). "A party must make these disclosures at the times and in the sequence that the court orders." *Id.* The sanction of exclusion of testimony is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless. The determination of whether a Rule 26(a) violation is justified or harmless is within the broad discretion of the court. *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003). The

following factors should be considered when assessing a Rule 26(a) violation: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date. *Id.*

## ANALYSIS

Defendants argue that Plaintiff improperly disclosed two expert witnesses and three fact witnesses after the close of the expert and fact discovery period and move to bar all of these witnesses from testifying at trial. Defendants emphasize several times in their Motion and Supplemental Motion that these are surprise witnesses and that they are prejudiced because they have had no opportunity to conduct discovery of the experts, properly prepare a rebuttal, or prepare for cross-examination of these witnesses at trial. Plaintiff argues that none of the five witnesses are being called to offer expert opinion testimony and that Defendants are not prejudiced by the timing of their disclosure.

Three of the five witnesses cannot be characterized as a "surprise" to Defendants. Defendants were aware of Dr. Zupan's existence as early as June 9, 2015, when Plaintiff filed their Motion for Summary Judgment. Plaintiff's Motion relied on the report and testing of Dr. Zupan, and sent Dr. Zupan's CV, fee schedule, and trial and deposition history to Defendants on October 2, 2015. Robinson was listed as a witness in Plaintiff's Supplemental Rule 26 disclosures, which were filed on October 14, 2015. Muir was listed as a witness in Plaintiff's initial Rule 26 disclosures, which were submitted to Defendants on October 13, 2013, over two years ago. Further, Plaintiff argues that the nature of the testimony of the remaining two fact

witnesses (Kosko and Deady) is such that Defendants will not be prejudiced by the delayed disclosure.

Plaintiff contends that Kosko, a World Kitchen employee, will be testifying to authenticate the method by which World Kitchen sent its glass cookware to GTS for testing. Defendants provide no argument supporting their claim that Kosko's testimony would be prejudicial and constitutes unfair surprise. Further, Kosko's testimony does not appear to be substantive in nature, such that the inclusion of his testimony would be unfair surprise. Deady, the Managing Director of the Zeno Group, Chicago Office, will provide testimony to authenticate documentation complied by the Zeno Group at the request of World Kitchen. The Zeno Group created a compilation document that identifies "hits" to the ACS Bulletin story at issue. To the extent that Deady's testimony is being offered solely for the purpose of authenticating this "ACS Bulletin Tracker," the inclusion of his testimony will not be prejudicial to Defendants. Again, Defendants provide no specific argument that Deady's testimony would be unfair surprise[1].

Even if the inclusion of Dr. Zupan, Robinson, and Muir as witnesses constituted surprise to Defendants, the argument that their testimony would be prejudicial to Plaintiff is unconvincing. Plaintiff notes that Robinson will be testifying as a Rule 902(12) Declarant, certifying that five documents attached to her declaration are true and correct copies of GTS records generated in the ordinary course of its business. Plaintiff provided Defendants written notice and copies of the GTS records and certification, and attached a test report from GTS to its

---

[1] Defendants also had an opportunity to depose Deady and Kosko after Plaintiff disclosed their names on November 6, 2015.

Reply to Defendants' Response to Plaintiff's Motion for Summary Judgment. This Reply was filed on September 10, 2015. These records are records of an activity regularly conducted by GTS. To the extent that Robinson will be testifying in order to authenticate these reports, the inclusion of her testimony is not unfair or prejudicial to Defendants. Defendants were aware both of GTS' existence and the type of reports that GTS generates. Further, Plaintiff contends that Robinson will not be testifying as an expert witness. Thus, Defendants will not be unfairly prejudiced by the timing of Plaintiff's disclosure.

Similarly, Dr. Zupan will also not be testifying as an expert witness. Plaintiff intends to call Dr. Zupan as a fact witness to authenticate documents produced by CED Technologies ("CED"). Plaintiff contends that Dr. Zupan's testimony will be presented to authenticate CED records as true and correct copies of documents recording results he collected regarding the thermal stress resistance of World Kitchen's Pyrex glass cookware. Defendants have been aware of Dr. Zupan's existence and the related CED documents since June 9, 2015. Plaintiff also provided updated CED documents to Defendants on October 2, 2015. Defendants had ample time to investigate Dr. Zupan. Defendants also had time to investigate the CED documents and the GTS reports, the reasons for Dr. Zupan's and Robinson's testimonies. Defendants fail to establish that the inclusion of Dr. Zupan's or Robinson's testimony would be prejudicial.

Finally, Plaintiff is presenting Muir, World Kitchen Senior Vice President and General Manager, as a fact witness to provide testimony regarding the likelihood of harm caused by the speech at issue. Defendants have known of Muir's existence for over two years and provide no argument as to why the inclusion of his testimony at trial would be prejudicial.

Defendants have not established that the inclusion of the testimony of these five witnesses would be a surprise or prejudicial to them, nor do they offer any argument that this alleged prejudice is unable to be cured.  Further, Defendants provide no specific argument supporting their claim in relation to the testimony offered by each witness.  Therefore, Defendants' Motion is denied.

## CONCLUSION

For the reasons discussed above, Defendants' Motion is denied.

Date:  November 24, 2015

JOHN W. DARRAH
United States District Court Judge